UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WADE BRAYMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:20-cv-00169-JAW |
| | ) | |
| MAJOR RAYMOND PORTER, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, a pretrial detainee at the Somerset County Jail, filed a complaint in which he alleged he received inadequate medical care at the jail. (Complaint, ECF No. 1.)[1] Plaintiff has named as defendants three employees of the offices of the sheriffs of Waldo County and Somerset County, and one medical provider.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," Plaintiff's complaint is subject to a review "before docketing, if feasible or … as soon as practicable after docketing." 28 U.S.C. §

---

[1] In his complaint, Plaintiff asks that the defendants pay his bail so that he can be released before trial. (Complaint at 3.) If Plaintiff's sole challenge was to the amount or conditions of his bail as part of an attempt to be released before trial, this Court would likely be required to abstain from exercising jurisdiction over his case because Plaintiff can challenge his bail terms in the state court proceeding. *See Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990) (discussing the elements of the abstention doctrine described in *Younger v. Harris*, 401 U.S. 37 (1971)); *Enwonwu v. Mass. Superior Court*, *Fall River*, No. 1:12-cv-10703, 2012 WL 1802056, at *3 n. 7 (D. Mass. May 16, 2012) ("Courts have consistently applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances"). Plaintiff's filings, however, appear to include a request for an injunction against continued violations or damages for past violations.

1915A(a).  In addition, Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted.  (ECF No. 6.)  In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).

After a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss two of the named defendants but permit Plaintiff to proceed against the remaining defendants.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Plaintiff's complaint is also subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the

2

benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

### FACTUAL BACKGROUND

Plaintiff sought medical care for several issues in July and August 2019, including diet issues, shoulder injuries, and prostate problems. (Memorandum ¶¶ 1–8, ECF No. 1-1.) Plaintiff claims he was denied access to a doctor for two months and that his test results were withheld. (*Id.* ¶ 8.) According to Plaintiff, In September 2019, his attorney arranged for him to be transferred to Knox County Jail, which Defendant Porter managed. (*Id.* ¶

10.)  At Knox County Jail, Plaintiff continued to have difficulties related to his special diet requests, and Plaintiff was transferred back to Somerset County Jail.  (*Id.* ¶¶ 11–12.)

In October 2019, Plaintiff was assaulted by two other inmates; Plaintiff reports he suffered broken teeth, black eyes, and cuts and swelling to his face, head, and body.  (*Id.* ¶ 13.)  Plaintiff perceived some hearing loss after the assault, was given ear drops, and in an attempt to flush out his ear, a nurse unintentionally punctured Plaintiff's eardrum in January 2020.  (*Id.* ¶¶ 18–19.)  Plaintiff also suffered pain, swelling, and abscesses from his broken teeth and was promised a dental appointment.  (*Id.* ¶ 20.)  Through February 2020, Plaintiff had difficulty obtaining pain relief from the commissary, and he encountered delays in receiving antibiotics, Tylenol, and salt packets for his teeth.  (*Id.* ¶¶ 21–23.)  As of the filing of his Complaint in May 2020, Plaintiff had yet to see a dentist or a hearing specialist.  (*Id.* at 23.)

## DISCUSSION

The Eighth Amendment, which prohibits cruel and usual punishments, governs prisoners' medical needs after conviction, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while prisoners are in pre-trial custody.  *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983).  "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted).

To establish constitutional liability, a plaintiff must demonstrate both that he was "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834). In other words, a plaintiff must satisfy both an objective standard (substantial risk of serious harm) and a subjective standard (deliberate indifference) in order to prove a constitutional claim of deliberate indifference. *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

The objective standard evaluates the seriousness of the risk of harm to health. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)). The subjective standard concerns the culpability of the defendant. A plaintiff must present evidence that the defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984

F.2d 537, 540 (1st Cir. 1993)).  The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response."  *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Plaintiff's alleged tooth damage and hearing difficulty following the October 2019 assault could reasonably be considered objectively serious.  Plaintiff cites two incidents in which he could have sustained hearing damage that has not yet cleared and for which he has not yet received treatment.  In addition, he has not received dental care despite sustaining broken teeth and being told that he would receive treatment.  He also alleges that he encountered significant delays in receiving even modest pain relief and antibiotics. Defendant Ellis is alleged to be the primary medical provider during the relevant time periods, (Memorandum ¶ 18, 23), and given the various medical requests and complaints, a fact finder could plausibly conclude that Defendant Ellis knew of Plaintiff's difficulties for months and did not secure treatment for him even after acknowledging that it was necessary.  Plaintiff, therefore, has asserted a plausible deliberate indifference claim against Defendant Ellis.

Plaintiff has also asserted a plausible deliberate indifference claim against Defendant Maguire.  Defendant Maguire was allegedly aware of Plaintiff's difficulties in receiving sufficient medical attention for his prostate, hearing, and dental needs because Plaintiff filed several grievances about the issues between January and April 2020, which Defendant Maguire, a member of the Somerset County's office employed at the jail, processed and denied.  (*Id.* ¶¶ 19, 27.)  Although Defendant Maguire apparently relied on the fact that Plaintiff had received some medical attention, based on the allegations in the

6

complaint, one could plausibly conclude that even an untrained individual would have found the treatment clearly inadequate. *See Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991) ("Although this court has hesitated to find deliberate indifference to a serious need where the dispute concerns not the absence of help, but the choice of a certain course of treatment, deliberate indifference may be found where the attention received is so clearly inadequate as to amount to a refusal to provide essential care") (quotation marks and citations omitted).

Plaintiff, however, has not stated a deliberate indifference claim against Defendant Crafts or Defendant Porter. Plaintiff has not alleged that either of them had any subjective knowledge of or were involved in the Plaintiff's medical treatment. Furthermore, to the extent Plaintiff attempts to assert a non-medical claim against Defendant Crafts and Defendant Porter, as explained below, Plaintiff also failed to state an actionable claim.

The only relevant allegation against Defendant Crafts is that he failed to assist Plaintiff's efforts to contact his attorney and his wife, who acted as his client representative, regarding the decision of whether to testify against Plaintiff's assailants. (Memorandum ¶ 15.) Plaintiff has not asserted a plausible claim that Defendant Crafts interfered with his First Amendment right of access to the courts, *see Riva v. Brasseur*, No. 15-2554, 2016 WL 9650983, at *1 (1st Cir. Sept. 12, 2016) ("The right of access to the courts, in the context of prisoners, is addressed only to a prisoner's right to attack his conviction and his right to challenge the conditions of his confinement"), and because the issue Plaintiff wished to discuss with his counsel and representative related to criminal prosecution against the assailants and had no connection to the pending criminal charges against

Petitioner, his Sixth Amendment right to counsel was not implicated. *See Pasdon v. City of Peabody*, 417 F.3d 225, 228 (1st Cir. 2005) (plaintiff has "no cause of action under 42 U.S.C. § 1983" because claims based on right to counsel requires showing of prejudice related to being "subjected to a criminal trial").

Plaintiff alleges that Defendant Porter arranged to have Plaintiff transferred to Knox County Jail to interfere with Plaintiff's efforts to expose unconstitutional actions at Somerset County Jail. (Memorandum ¶ 10.)   To the extent Plaintiff suggests that his transfer and the assault were part of a plan to stop Plaintiff from asserting his rights, (*id.* ¶ 14), Plaintiff's suspicions are "based wholly on conjecture and speculation", *Riva*, 2016 WL 9650983 at *1, and do not contain sufficient factual content to push the claim "across the line from conceivable to plausible," as is required in order to survive dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2]

---

[2] Plaintiff's other allegations are not actionable in this case because they either involve individuals other than the named defendants, or because they fail to state an actionable claim.  For example, Plaintiff alleges that some corrections officers did not always include labels with his medications and meals, which reduced Plaintiff's confidence that the meal or medication contained what it was supposed to contain. (*See e.g.*, Memorandum at ¶¶ 1, 9). While Plaintiff's allegations of serious allergies could create an entitlement to special meals, and while a prisoner has a right under both RLUIPA (42 U.S.C. § 2000cc-1) and the Free Exercise Clause of the Constitution to receive a diet that conforms to dietary restrictions imposed by a sincerely held religious belief system, subject only to limited exceptions, *LeBaron v. Spencer*, 527 F. App'x 25, 31 (1st Cir. 2013) (per curiam), Plaintiff does not provide any authority to support his contention that he had a constitutional entitlement to the labels in addition to the employees' assurances.

Some of Plaintiff's allegations also relate to claims he presents more directly in another case; those claims and issues will be addressed in a review of the complaint in that case (1:20-cv-00170-JAW).

CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss Plaintiff's claims against Defendants Porter and Crafts, but that the Court permit Plaintiff to proceed against Defendants Ellis and Maguire on his deliberate indifference medical treatment claim.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of July, 2020.