UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WADE BRAYMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00169-JAW |
| | ) |
| CAPTAIN SEAN MAGUIRE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANT ELLIS' MOTION TO DISMISS AND
AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

A pro se inmate objects to a defendant's motion to dismiss and to a magistrate judge's recommendation that the Court dismiss the inmate's claim under 42 U.S.C. § 1983 against a physician's assistant for constitutionally inadequate medical care. After reviewing the motion to dismiss and recommended decision de novo, the Court grants the motion to dismiss for the reasons contained in the recommended decision and further explained in this order.

**I.   BACKGROUND**

On May 13, 2020, Wade Drew Brayman, an inmate housed at the Knox County Jail in Rockland, Maine, filed a pro se complaint against Major Raymond Porter of the Waldo County Sheriff's Department, Captain Sean Maguire and Captain Gary Crafts of the Somerset County Sheriff's Department, and Greg Ellis,[1] a physician's assistant at the Somerset County Jail. *Compl.* (ECF No. 1); *id.*, Attach. 1 (*Attached*

---

[1]   Mr. Brayman spells Mr. Ellis' first name as "Gregg" but Mr. Ellis spells his first name as "Greg." The Court adopts Mr. Ellis' spelling of his own name.

*List of Offenses*).  On June 4, 2020, Mr. Brayman filed a renewed motion to proceed in forma pauperis.[2]  *Appl. to Proceed Without Prepayment of Fees and Aff.* (ECF No. 4).  The next day, the Magistrate Judge granted Mr. Brayman's motion to proceed in forma pauperis.  *Order Granting Mot. for Leave to Proceed In Forma Pauperis* (ECF No. 6).

Pursuant to 28 U.S.C. §§ 1915, 1915A, the Magistrate Judge performed an initial review of Mr. Brayman's Complaint and, on July 7, 2020, issued a report and recommended decision.  *Recommended Decision After Review of Pl.'s Compl.* (ECF No. 9).  The Magistrate Judge recommended that the Court dismiss Mr. Brayman's claims against Major Porter and Captain Crafts but permit Mr. Brayman to proceed against Captain Maguire and Mr. Ellis on his deliberate indifference medical treatment claim.  *Id.* at 9.  Mr. Brayman did not object to this recommended decision.  On August 12, 2020, the Court affirmed the recommended decision and dismissed Mr. Brayman's claims against Major Porter and Captain Crafts.  *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 10).

On December 10, 2020, Mr. Ellis moved to dismiss Mr. Brayman's Complaint for failure to state a claim or, alternatively, failure to serve the Complaint in accordance with the Federal Rules of Civil Procedure.  *Def. Greg Ellis, PA-C's Mot. to Dismiss Pl.'s Compl.* (ECF No. 19) (*Mot. to Dismiss*).  Mr. Brayman did not respond to the motion to dismiss.  On February 1, 2021, the Magistrate Judge issued a

---

[2] The Magistrate Judge denied without prejudice Mr. Brayman's initial motion to proceed in forma pauperis because Mr. Brayman's application was incomplete.  *Order on Mot. to Proceed In Forma Pauperis* (ECF No. 3).

recommended decision, recommending that the Court dismiss Mr. Brayman's claims against Mr. Ellis for failure to state a claim. *Recommended Decision on Def. Ellis' Mot. to Dismiss* (ECF No. 22) (*Recommended Decision*).

In February of 2021, the Court confronted an unexpected issue that took months to resolve. On February 16, 2021, Mr. Brayman moved for an extension of time to respond to the Recommended Decision. *Mot. for Extension of Time to Reply to the Recommended Decision on Def. Ellis' Mot. to Dismiss* (ECF No. 23). Mr. Brayman claimed he had been unable to respond to the Recommended Decision because he never received Mr. Ellis' motion to dismiss and had been denied access to the law library at the Knox County Jail. *Id.* at 1-2. On February 17, 2021, the Magistrate Judge granted Mr. Brayman's motion to extend time and extended his deadline to object to the Recommended Decision until March 19, 2021. *Order* (ECF No. 24).

On March 15, 2021, Mr. Brayman objected to the Magistrate Judge's Recommended Decision. *Reply to the Recommended Decision on Def. Ellis' Mot. to Dismiss* (ECF No. 25) (*Pl.'s Obj.*). Once again, Mr. Brayman represented that he never received Mr. Ellis' motion to dismiss. *Id.* at 1-2. On March 29, 2021, Mr. Ellis responded through counsel and sought to demonstrate that his counsel served Mr. Brayman with a copy of the motion to dismiss by U.S. Mail. *Def. Greg Ellis, PA-C's Resp. to Pl.'s Obj. to the Magistrate Judge's Report and Recommended Decision to Grant Mot. to Dismiss* (ECF No. 26) (*Def.'s Resp.*). Later, on April 19, 2021, Mr.

3

Brayman filed a "Factual Rebuttal" still insisting that he had not received the motion to dismiss. *Factual Rebuttal* (ECF No. 27).

On May 6, 2021, the Court ordered Mr. Ellis to serve Mr. Brayman with the motion to dismiss within seven days by U.S. Mail at the Knox County Jail, 327 Park Street, Rockland, Maine. *Order on Service* (ECF No. 28). That same day, Mr. Brayman's wife, Trilby L. Brayman submitted a letter to the Clerk of Court notifying the Clerk that Mr. Brayman had been transferred from the Knox County Jail to the Penobscot County Jail, 85 Hammond Street, Bangor, Maine 04401. *Letter from Trilby L. Brayman to U.S. District Ct.* (ECF No. 29). Ms. Brayman represented that she was the "attorney-in-fact" for Mr. Brayman. *Id.*

In order to clear the record, the Court issued a series of orders to ensure that Mr. Brayman received the Ellis motion to dismiss and could respond to it. On May 7, 2021, the Court issued an order in response to Ms. Brayman's May 6, 2021 letter, accepting Ms. Brayman's representation about Mr. Brayman's change of address from Somerset to Penobscot County Jail and ordered Mr. Ellis' attorney to serve Mr. Brayman with the motion to dismiss at the Penobscot County Jail and for Mr. Brayman to immediately confirm service with the Court. *Order* (ECF No. 30). At the same time, the Court observed that although Ms. Brayman represented herself as Mr. Brayman's "attorney-in-fact," as a non-lawyer, she may not represent Mr. Brayman. *Id.* The Court further noted it was "skeptical" about Ms. Brayman's claim that Mr. Brayman could not send legal mail from the Penobscot County Jail, ordered

4

Mr. Brayman to confirm or deny Ms. Brayman's assertions, and ordered the Clerk of Court to docket Ms. Brayman's letter. *Id.*

On May 21, 2021, having heard nothing from Mr. Brayman, Mr. Ellis' counsel notified the Court that he had written a letter to Penobscot County Sheriff Troy Morton requesting confirmation that Mr. Brayman received the motion to dismiss. *Def. Greg Ellis, PA-C's Mem. Regarding Status of Mailing Pursuant to the Ct.'s Order on Service* (ECF No. 31). Later that same day. the Court received a filing from Mr. Brayman dated May 14, 2021 in response to the Court's May 7, 2021 order. *Pl.'s Resp. to May 7, 2021 Order* (ECF No. 32). Again, Mr. Brayman reiterated that he had not received Mr. Ellis' motion to dismiss. *Id.* at 1.

On May 28, 2021, Mr. Ellis' counsel notified the Court that he had received a phone call from Lieutenant Nick Hardwick of the Penobscot County Jail in response to Mr. Ellis' May 21, 2021 letter. *Def. Greg Ellis, PA-C's Second Mem. Regarding Status of Mailing Pursuant to the Ct.'s Order on Service* at 1 (ECF No. 33). Lieutenant Hardwick informed Mr. Ellis' counsel that Mr. Brayman said he never received either of Mr. Ellis' May 7, 2021 mailings. *Id.* at 1-2. Lieutenant Hardwick further stated that the Penobscot County Jail does not log incoming mail for its inmates so the jail could not independently verify whether Mr. Brayman received the motion. *Id.* at 1-2. Mr. Ellis asked the Court whether he should arrange for the Penobscot County Sheriff's Office to personally serve Mr. Brayman. *Id.* at 2. On June 1, 2021, the Court ordered Mr. Ellis to proceed with in-hand service through the Penobscot County Sheriff's Office. *Order* (ECF No. 34). On June 8, 2021, Mr. Ellis filed a certificate of

5

service, which showed the Penobscot County Sheriff's Office served Mr. Brayman with Mr. Ellis' Motion to dismiss on June 3, 2021. *Certificate of Service* (ECF No. 35).

On June 9, 2021, the Court ordered Mr. Brayman to respond to the motion to dismiss by June 25, 2021. *Status Order* at 1 (ECF No. 36). On June 25, 2021, Mr. Brayman filed a supplemental response to Mr. Ellis' motion to dismiss. *Pl.'s Resp. to Def.'s Second Mem. Regarding Status of Mailing Pursuant to the Ct.'s Order on Service* (ECF No. 37) (*Pl.'s Suppl. Obj.*). Attachments to this filing included items from Trilby Brayman, who again represented herself as Mr. Brayman's "attorney-in-fact." *Id.*, Attach. 5, *Letter from Trilby L. Brayman to U.S. District Ct.* (June 24, 2021). On June 30, 2021, the Court issued an order warning Trilby Brayman to immediately desist the unauthorized practice of law and striking several attachments to Mr. Brayman's June 25, 2021 filing. *Order* (ECF No. 38). On July 9, 2021, Mr. Ellis responded to Mr. Brayman's supplemental response. *Def. Greg Ellis, PA-C's Reply in Supp. of Mot. to Dismiss Pl.'s Compl.* (ECF No. 39) (*Def.'s Suppl. Resp.*)

## II.   THE PARTIES' POSITIONS

### A.   Greg Ellis' Motion to Dismiss

Mr. Ellis moves to dismiss on three grounds. First, he proffers medical records from the Somerset County Jail and argues the records do not show Mr. Ellis was deliberately indifferent to Mr. Brayman's medical needs. *Mot. to Dismiss* at 3-11. Second, Mr. Ellis contends the allegations in the Complaint and Mr. Brayman's related filings fail to allege conduct by Mr. Ellis that could plausibly support a claim of deliberate indifference to Mr. Brayman's serious medical needs through direct and

supervisory liability. *Id.* at 15-17. Third, he submits dismissal is appropriate because Mr. Brayman failed to timely serve the Complaint. *Id.* at 17-18.

### B. The Recommended Decision

The Magistrate Judge noted that Mr. Brayman alleges Mr. Ellis "provided 'substandard medical care' regarding an ear and his teeth." *Recommended Decision* at 12 (quoting *Compl.* at 3). Regarding Mr. Brayman's ear, the Magistrate Judge noted that "[g]iven the treatment provided to [Mr. Brayman] through ear drops and antibiotics, the pain in [his] ear could be considered objectively serious." *Id.* at 13. However, the Magistrate Judge concluded that Mr. Brayman had failed to allege facts plausibly supporting the conclusion that Mr. Ellis purposefully provided the allegedly deficient medical care. *Id.*

As for Mr. Brayman's teeth, the Magistrate Judge acknowledged an alleged delay in effective treatment of pain was plausibly a serious medical need despite the provision of pain medication, a saltwater rinse, and antibiotics. *Id.* at 13-14. Again, however, the Magistrate Judge concluded that Mr. Brayman's factual allegations did not show "Defendant Ellis possessed a 'sufficiently culpable state of mind,' to support a deliberate indifference claim regarding the treatment of [Mr. Brayman's] teeth." *Id.* at 14 (quoting *Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015)).

The Magistrate Judge further concluded the Complaint failed to state a claim of supervisory liability under section 1983 against Mr. Ellis. *Id.* at 15-16. The Magistrate Judge concluded that "even if [Mr. Brayman's] complaint is construed to assert an actionable claim of deliberate indifference against one of the medical staff

members, [Mr. Brayman] has not alleged any facts to suggest an 'affirmative link' between the alleged violation of [Mr. Brayman's] rights by medical staff members and any 'action or inaction' by Defendant Ellis." *Id.*

### C. Wade Brayman's Objection to the Recommended Decision

Mr. Brayman's objection is largely nonresponsive to Mr. Ellis' motion to dismiss. He begins by reciting his medical conditions and describing his treatment by corrections officers and medical staff at the Somerset County Jail. *Pl.'s Obj.* at 1-2. Mr. Brayman claims several individuals in the Maine county jail system have cancelled his law library access and denied his purported right to have his wife, a non-lawyer, represent him in this case. *Id.* at 3.

### D. Greg Ellis' Response

Mr. Ellis posits that the objection is meritless because it "does nothing to refute the Magistrate Judge's findings in this regard, or to further explain how Defendant Ellis, himself, was deliberately indifferent." *Def.'s Resp.* at 3. According to Mr. Ellis, dismissal is appropriate because Mr. Brayman has not identified any act or omission by him that "would support a finding that [he] purposefully disregarded [Mr. Brayman's] medical condition or provided substandard care." *Id.* at 4.

### E. Wade Brayman's Supplemental Objection

Mr. Brayman's supplemental objection acknowledges that he received Mr. Ellis' motion to dismiss. *Pl.'s Suppl. Obj.* at 1. Mr. Brayman informs the Court that he received only one hour of law library access during May 2021, and claims "this is hardly anything close to Federal Case-law Established Minimums." *Id.* at 2.

8

Additionally, Mr. Brayman again claims he has a right to use Trilby Brayman as his "Client Representative, Attorney-In Fact." *Id.* He insists that the Magistrate Judge permitted Ms. Brayman to act as attorney-in-fact and questions why this Judge replaced the Magistrate Judge. *Id.*

### F. Greg Ellis' Supplemental Response

In his supplemental response, Mr. Ellis, argues "nothing contained in [Mr. Brayman's] Response specifically addresses any of the arguments raised by Defendant Ellis in his motion to dismiss." *Def.'s Suppl. Resp.* at 2. Mr. Ellis highlights that most of Mr. Brayman's supplemental opposition is dedicated to the "purported legal status of his self-described attorney-in-fact and theorizing how a particular jail administrator is interfering with [Mr. Brayman's] various legal matters." *Id.* Mr. Ellis repeats his request for dismissal of the Complaint, again asserting that Mr. Brayman has failed to state a plausible deliberate indifference claim. *Id.*

## III. DISCUSSION

The Court reviewed the Magistrate Judge's Recommended Decision de novo, as well as Mr. Ellis' motion to dismiss and Mr. Brayman's filings.[3] The Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in his

---

[3] The procedural posture of this case is disjointed because Mr. Brayman did not receive Mr. Ellis' motion to dismiss until after the Magistrate Judge issued the Recommended Decision. As such, there is a legitimate question as to whether the Court should review the parties' filings as briefing on objections to the Recommended Decision or briefing on Mr. Ellis' motion to dismiss. It does not matter. Regardless of how the Court proceeds, the Court decides the matter de novo. *See Ayotte v. Barnhart*, 973 F. Supp. 2d 70, 77 (D. Me. 2013) ("Upon timely objection to the Recommended Decision, this Court is required to make 'a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made'") (quoting 28 U.S.C. § 636(b)(1)(C)); *see also Gioiosa v. United States*, 684 F.2d 176, 178 (1st Cir. 1982)).

Recommended Decision and in this Order and concludes no further proceedings are necessary. The Recommended Decision is substantively correct, and the Court affirms and adopts the Recommended Decision in full. Mr. Brayman's various objections provide no basis for denying Mr. Ellis' motion to dismiss or overturning the Recommended Decision.

The Court has previously addressed a number of Mr. Brayman's objections and writes now only in response to Mr. Brayman's claim that he has been denied law library access.[4] "[P]risoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To secure this "fundamental constitutional right of access" the Supreme Court has held that states must "assist inmates in the preparation of filing meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828.

Caselaw explains that an inmate's right to access a law library "is narrow in scope." *Boivin v. Black*, 225 F.3d 36, 42 (1st Cir. 2000). An inmate has no right "to *litigate effectively* once in court." *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (emphasis in original) (explaining that the Constitution does not grant "sophisticated legal

---

[4] Mr. Brayman has repeatedly objected that he was never served with Mr. Ellis' motion to dismiss and that he has been denied the assistance of Trilby Brayman, his purported "Legally Assigned Client Representative," and "attorney-in-fact." *Pl.'s Obj.* at 1-3. Neither claim has merit. The Court is satisfied that Mr. Ellis served Mr. Brayman with the motion to dismiss on June 3, 2021 and that Mr. Brayman had ample opportunity to respond. *See Certificate of Service* (dated June 3, 2021). Additionally, the Court has held Mr. Brayman has no right to use a non-lawyer, Trilby Brayman, to challenge the conditions of his confinement. *Order* (ECF No. 30); *Order* (ECF No. 38); *Brayman v. Porter*, No. 1:20-cv-00170-JAW, *Compl.* (ECF No. 1), *Recommended Decision After Review of Pl.'s Compl.* (ECF No. 9), *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 11).

capabilities" to inmates). Moreover, an inmate has no "abstract, freestanding right to a law library or legal assistance" and "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351. Instead, an inmate "must go one step further" and allege facts that, if taken as true, "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* In short, an inmate must plausibly allege "actual injury" resulted from a denial of access to the law library. *Id.*

Not all legal claims satisfy this "actual injury" requirement. *Id.* at 355. *Lewis* limits the relevant claims to collateral or direct attacks on sentences or convictions, or a claim challenging an inmate's conditions of confinement, such as an action under 42 U.S.C. § 1983 to vindicate "basic constitutional rights." *Id.* at 354-55 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

Mr. Brayman's allegations about law library access fall well short of a cognizable constitutional claim. Despite allegedly lacking access to his law library, Mr. Brayman has filed two lawsuits challenging the conditions of his pretrial detention. *Brayman v. Maguire et al.*, 1:20-cv-00169-JAW; *Brayman v. Porter, et al.*, No. 1:20-cv-00170-JAW. Additionally, "the record makes clear that [Mr. Brayman] was able to present his alleged grievances to the court and that, as a *pro se* plaintiff, his complaint was liberally construed." *See Weems v. Vose*, 89 F.3d 824 (1st Cir. 1996)

11

(table decision) (rejecting an inmate's right of access claim because he had presented his complaint to the court). This passes constitutional muster. *See Dupont v. Dubois*, No. 96-1459, 1996 U.S. App. LEXIS 29142, at *4-5 (1st Cir. Nov. 6, 1996) (unpublished) (rejecting an inmate's claim that restrictions on his ability to conduct legal research violated his right to access the courts because the inmate filed multiple actions in federal court); *Hofland v. Thompson*, No. CV-09-174-B-W, 2009 U.S. Dist. LEXIS 117819, at *10-11 (D. Me. Oct. 29, 2009), *adopted by* 2009 U.S. Dist. LEXIS 117815 (D. Me. Dec. 16, 2009) (concluding an inmate's right to access the courts had not been violated because the inmate had "not alleged that the interference . . . with his legal materials has tangibly impacted his ability to seek redress with the courts").

In short, Mr. Brayman is exercising his right to access the courts in a manner inconsistent with the constitutional violation he alleges. As an example, Mr. Brayman's most recent filing cites three cases about the right to a law library, which satisfies the Court that Mr. Brayman has constitutionally sufficient legal research tools at his disposal. *Pl.'s Suppl. Obj.* at 2. Moreover, the filing does not claim that Mr. Brayman has lacked law library access since receiving the motion to dismiss on June 3, 2021. *Id.* Thus, any denial of access to his jail's law library is no basis to deny Mr. Ellis' motion to dismiss. The Court will dismiss Mr. Brayman's claims against Mr. Ellis without prejudice.

## IV. CONCLUSION

Having performed a de novo review of Mr. Ellis' Motion to Dismiss and the Magistrate Judge's Recommended Decision, the Court <u>AFFIRMS</u> the Recommended

Decision (ECF No. 22), <u>OVERRULES</u> Wade Brayman's Objection (ECF No. 25) to the Recommended Decision and Wade Brayman's Supplemental Objection (ECF No. 37), GRANTS Greg Ellis' Motion to Dismiss (ECF No. 19), and <u>DISMISSES</u> without prejudice Wade Brayman's Complaint (ECF No. 1) as to Defendant Greg Ellis for failure to state a claim.

    SO ORDERED.

                                        <u>/s/ John A. Woodcock, Jr.</u>
                                        JOHN A. WOODCOCK, JR.
                                        UNITED STATES DISTRICT JUDGE

Dated this 9th day of August, 2021