UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WADE DREW BRAYMAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:20-cv-00169-JAW |
| ) | |
| CAPTAIN SEAN MAGUIRE, ) | |
| ) | |
| Defendant ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Defendant Maguire moves to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 37 and 41(b), based on Plaintiff's failure to respond to discovery and to prosecute his claim. (Motion, ECF No. 44.) Following a review of the parties' submissions, I recommend the Court deny the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 3, 2021, Defendant sent interrogatories and a request for production of documents to Plaintiff at the Penobscot County Jail, which is where Plaintiff, through a representative, advised the Court and Defendant he was located as of May 6, 2021. (Motion at 1; Letter, ECF No. 29.) The documents were returned to Defendant as undeliverable. (Motion at 1.) Evidently because Plaintiff had been transferred from the Knox County Jail to the Penobscot County Jail in May 2021, defense counsel contacted the Knox County Jail for an updated address for Plaintiff. The jail administrator informed counsel that Plaintiff had been released on August 26, 2021. (*Id*. at 1-2; Exhibit 1, ECF No. 44-1.) The jail administrator also provided Defendant with Plaintiff's last known address. (Motion, Exhibit 1.) On October 7, 2021, Defendant mailed the discovery requests to Plaintiff at the address provided.

Defendant did not receive responses to his discovery requests or any other communication from Plaintiff. (Motion at 2.) Plaintiff contends Defendant has not established proper service of the discovery requests.[1] (Opposition to Motion to Dismiss at 1, 3, ECF No. 45.)

On October 7, 2021, Defendant noticed Plaintiff's deposition for December 22, 2021, by mailing the notice to the address the jail administrator provided. (Motion at 2; Exhibit 3, ECF No. 44-3.) Defense counsel appeared for the deposition at the noticed time and place, with a court reporter appearing through videoconference. (*Id.*; Exhibit 2, ECF No. 44-2.) Counsel and the court reporter waited thirty minutes, but Plaintiff did not appear for the deposition. (Motion at 2.)

## DISCUSSION

Plaintiff, a former pretrial detainee at the Somerset County Jail, alleges he received inadequate medical care at the jail. (Complaint, ECF No. 1.) Defendant asks the Court to dismiss Plaintiff's complaint citing Plaintiff's failure to respond to the written discovery requests, appear for his deposition, and otherwise prosecute his claim.

Pursuant to Federal Rule of Civil Procedure 41, a defendant may move for dismissal of an action if the plaintiff fails to prosecute the action or to comply with court rules and court orders. Fed. R. Civ. P. 41(b). Rule 37 provides that when a party fails to attend his or her deposition, or respond to written discovery requests, the party may be sanctioned by the court.

---

[1] Plaintiff argues that Defendant has not produced certified or registered mail receipts to prove service of the discovery requests. (Opposition at 1.) Certified or registered mail is not required for service of discovery papers. Pursuant to Fed. R. Civ. P. 5(b)(2)(C), service is complete upon mailing the discovery requests to the person's last known address.

2

Fed. R. Civ. P. 37(d).  Sanctions may include "dismissing the action in whole or in part."  Fed. R. Civ. P. 37(d)(3), referencing 37(b)(2)(A)(i)-(v).

When assessing a defendant's request for discovery sanctions against a plaintiff, including dismissal of the complaint, a court must consider several factors, including "'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions."  *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 44 (1st Cir. 2007) (quoting *Benitez-Garcia v. Gonzalez-Verga*, 468 F.3d 1, 5 (1st Cir. 2006)).

In response to the motion to dismiss, Plaintiff challenges the method of service of the discovery requests but does not directly state that he did not receive the requests.  Plaintiff also did not keep the Court and Defendant apprised of his current address as required.  As a result, Defendant had to make multiple attempts to locate and serve Plaintiff with the discovery requests.  Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.")

Given Plaintiff's failure to respond to Defendant's discovery requests and his failure to keep the Court and Defendant informed of his current address, Defendant's request for dismissal is not without merit. In its assessment of whether dismissal is warranted, however, a court must consider "the gravity of the violation and balance it with the need for order in the trial court, the prejudice to the other party, and the preference for disposing of a case on the merits." *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)). In this case, (a) Plaintiff's timely response to the motion to dismiss, (b) Plaintiff's stated desire to proceed with his claim, (c) Plaintiff's representation that he will comply with "all court requirements," (Opposition at 3), and (d) the "strong presumption in favor of deciding cases on the merits," *Malot*, 478 F.3d at 43, militate against dismissal at this time. Plaintiff, however, must respond to Defendant's discovery requests and otherwise comply with the rules that govern this proceeding. If Plaintiff fails to respond to discovery or to comply with any applicable rules or Court orders, the Court could dismiss the matter.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion to dismiss. If the Court adopts the recommendation, I recommend the Court extend the discovery deadline by ninety days for the sole purpose of permitting Defendant to complete the discovery Defendant initiated during the discovery period.[2]

---

[2] Because of the uncertainty as to whether Plaintiff received Defendant's written discovery requests, if Defendant seeks responses to the requests, Defendant shall serve the requests upon Plaintiff by mailing the requests to Plaintiff at the address identified for Plaintiff on the court docket.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of March, 2022.