UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WADE DREW BRAYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20-cv-00169-JAW |
| | ) | |
| RAYMOND PORTER, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION

Defendant Maguire moved to dismiss Plaintiff's complaint based on Plaintiff's failure to prosecute his claim. (Motion, ECF No. 44.) In support of his motion, Defendant cited Plaintiff's failure to respond to discovery, including Plaintiff's failure to appear for his scheduled deposition. Although the Court denied the motion to dismiss, the Court extended the discovery deadline to permit Defendant Maguire to complete the discovery he initiated and cautioned Plaintiff that if he did not respond to any discovery requests, the Court could dismiss Plaintiff's complaint.

Defendant recently requested a discovery conference because the discovery requests Defendant served upon Plaintiff were returned with the notation "Return to Sender/Attempted – Not Known/Unable to Forward." The court docket also reflects that mail forwarded to Plaintiff has recently been returned as undeliverable. (ECF Nos. 67, 68.)

Because Plaintiff has failed to keep the Court and defense counsel apprised of his current address and otherwise prosecute his claim, on August 15, 2022, the Court ordered Plaintiff to show cause as to why he has failed to do so. (Order, ECF No. 69.) The Court

advised Plaintiff that if he failed to show cause, the Court could dismiss the complaint. (*Id.*) The Order was sent to Plaintiff at the address previously provided by Plaintiff but was returned to the Court as undeliverable on August 29, 2022. (ECF No. 71.)

As Plaintiff has not responded to the Order to Show Cause, has not informed the Court of a new address or contact information, and has not otherwise communicated with the Court for more than four months,[1] Plaintiff has failed to prosecute his claims. Accordingly, dismissal of Plaintiff's complaint is warranted.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Here, Plaintiff has not apprised the court of his current address or contact information. Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v.*

---

[1] On April 20, 2022, Plaintiff filed an interlocutory appeal. (Interlocutory Appeal, ECF No. 55.) On June 3, 2022, the First Circuit dismissed the appeal. (Judgment, ECF No. 59.)

*Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.")

Given Plaintiff's failure to inform the Court of his current contact information, Plaintiff has failed to comply with the Court's order and has otherwise failed to prosecute his claim. Accordingly, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of September, 2022.

3